IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY FOX, et al.,

        Plaintiffs,                No. 2:11-cv-00419 JAM KJN

     v.

COUNTY OF SACRAMENTO, et al.,

        Defendants.         <u>ORDER</u>

/

        Presently before the court is plaintiffs' motion to compel the production of documents by defendant County of Sacramento ("County") in response to plaintiffs' fourth set of requests for the production of documents ("RFPs").[1] Generally stated, the fourth set of RFPs requests the production of all warrant applications submitted and obtained throughout the County during the period from January 30, 2000, through January 30, 2010, seeking authorization or authorizing the taking of a minor from his or her parents or guardians and into protective custody. The court heard this matter on its June 7, 2012 law and motion calendar. Attorney Lanny T. Winberry appeared on behalf of plaintiffs. Attorney John R. Whitefleet appeared on behalf of the County.

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

The undersigned has fully considered the parties' Joint Statement re Discovery Disagreement and the parties' oral arguments. For the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel (Dkt. No. 32) is granted in part.

2. Defendant County of Sacramento shall produce all available statistical information from relevant County agencies, offices, and departments (e.g., Sacramento County Child Protective Services, Sacramento County Sheriff's Department, Sacramento Office of County Counsel, etc.)[2] for the period January 30, 2005, through January 30, 2010, evidencing the following, if such statistical information is available:

   a. The number of warrant applications submitted to judicial officers within the County seeking authorization to take a minor from his or her guardian(s) or parent(s) and into custody;

   b. The number of such warrants that were actually issued by judicial officers and the number of such warrants that were either not approved or denied;

   c. Which agency applied for such warrants (e.g., Sacramento County Child Protective Services, Sacramento County Sheriff's Department, etc.);

   d. Whether such warrants were sought in order to take the minor into "protective custody," see, e.g., Cal. Welfare & Institutions Code §§ 300 et seq., or to take the minor into custody on the basis of the minor's own conduct, see, e.g., id. §§ 601 et seq.; and

   e. The number of removals of a minor on the basis of "exigent circumstances."

3. Defendant County of Sacramento shall provide plaintiffs with a declaration or declarations sworn under penalty of perjury that substantiate what diligent efforts were made to search for the statistical evidence described above, and why, if at all, the County

---

[2] The phrase "County agencies, offices, and departments" does not include the Sacramento County Superior Court or its juvenile divisions.

2

1  was unable to produce such statistical evidence.  For example, a declaration might describe the
2  manner in which any warrant-related statistical information and other warrant-related information
3  is stored or not stored.
4         4.      The County's production and declaration(s) shall be delivered to plaintiffs
5  on or before June 15, 2012, unless the parties file a stipulation and proposed order, and obtain
6  approval of the same by U.S. District Judge John A. Mendez, continuing the June 15, 2012
7  discovery completion deadline in this case to facilitate the production.  The parties may cite the
8  undersigned's ruling on the motion to compel as a basis for such a limited continuance, although
9  approval of that continuance lies solely within Judge Mendez's discretion.
10         IT IS SO ORDERED.
11  DATED:  June 7, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE