UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY FOX, NARCISA FOX, individually and as parents and natural guardians and Guardians ad litem of A.F., D.F., S.F., and M.F., as minors,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, SCOTT ANDERSON, RICH COCKERTON, BRENDAN MCATEE, ELISA OLMO, SOKA OM, JASON WALKUP, JOY PIKE, CITY OF RANCHO CORDOVA, JASMINE DELGADO, and DOES 1 THROUGH 30,<br><br>    Defendants. | Case No. 2:11-CV-00419 JAM-KJN<br><br><u>ORDER DENYING<br>COUNTY OF SACRAMENTO'S MOTON<br>FOR RECONSIDERATION</u> |

On June 7, 2012 Magistrate Judge Newman heard Plaintiffs Barry Fox and Narcisa Fox's (collectively, "Plaintiffs") motion to compel the production of documents by Defendant County of Sacramento ("County or Defendant") in response to Plaintiffs' fourth set of requests for the production of documents ("RFPs"). Generally stated, the fourth set of RFPs requests the production of all warrant applications submitted and obtained throughout the County

1

during the period from January 30, 2000 through January 30, 2010, seeking authorization or authorizing the taking of a minor from his or her parents or guardians and into protective custody. See Motion to Compel (Doc. #32) and Joint Statement re Motion to Compel (Doc. #33).

On June 8, 2012, the Magistrate Judge granted Plaintiffs' Motion to Compel in part.  The Magistrate Judge ordered the County to produce all available statistical information from relevant County agencies, offices, and departments from January 30, 2005 through January 30, 2010.  See Doc. #36 (hereinafter "the Order").[1]

28 U.S.C. § 636(b) and E.D. Cal. Local Rule 303 govern the standard for a Motion for Reconsideration.  The district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 363(b)(1)A; E.D. Cal. Local Rule 303(f).

The County's main arguments are that the Order is overly broad and that it forces the County to produce evidence that not relevant to Plaintiffs' case.  The Court finds that the Order is not clearly erroneous or contrary to law.

Contrary to Defendants' assertions, the Order does not require county-wide data, but rather "information from relevant County agencies, offices, and departments (e.g. Sacramento County Child Protective Services, Sacramento County Sheriff's Department, Sacramento Office of County Counsel, etc.). . . ."  Order (Doc. #36)(emphasis added).  While the Order could have been more specific as to which agencies, offices, and departments shall

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

produce relevant data, the Order, as written, is not clearly erroneous. Furthermore, because the Order requires only statistics, the data requested does not impinge on attorney/client privileges or confidential information. Additionally, the decision to start the statistical analysis in 2005 is well within the judge's discretion. Finally, while there are numerous reasons why a child might be taken into protective custody, see Cal. Welfare & Institutions Code §§ 300 et. seq., the fact that there are several reasons to place a child into protective custody does not invalidate Plaintiffs' general Monell theory that Defendants are not properly requesting warrants before removing children from their parents.

The Order requires Defendants to produce relevant evidence. Whether warrants were issued to either the County's CPS workers or its peace officers would indicate whether the County had a de facto policy not to get warrants before removing children from their families. Thus, because the statistical evidence is relevant to Plaintiffs' Monell claims, it was not clearly erroneous for the magistrate judge to order statistical evidence even though Plaintiffs did not specifically ask for it.

### III. ORDER

For the reasons set forth above,

The Court DENIES Defendants' Motion for Reconsideration.

IT IS SO ORDERED.

Dated: July 9, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3