1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  BARRY FOX, NARCISA FOX,              No. 2:11-CV-00419 JAM-KJN
    individually and as parents
12  and natural guardians and
    Guardians ad litem of ANTHONY
13  FOX, DANIEL FOX, SAMUEL FOX          **SUPPLEMENTAL ORDER RE:**
    and MARIO FOX, minors,               **DEFENDANTS' MOTION FOR SUMMARY**
14                                       **ADJUDICATION**
                 Plaintiffs,
15
         v.
16
    COUNTY OF SACRAMENTO, SCOTT
17  ANDERSON, R. COCKERTON, B.
    MCATEE, ELISA OLMO, SOKA OM,
18  JASON WALKUP, JOY PIKE, CITY
    OF RANCHO CORDOVA, JASMINE
19  DELGADO and DOES 1 THROUGH
    30,
20
                 Defendants.
21

22                       I. INTRODUCTION

23       On August 22, 2012 the Court ordered the parties to submit

24  supplemental briefing on the following two issues raised by

25  Defendants in their Motion for Summary Adjudication and taken

26  under submission by the Court at the conclusion of the August

27  22, hearing on Defendants' Motion:

28       1.   Whether the City of Rancho Cordova and the County of

                                    1

1   Sacramento could both be potentially liable under <u>Monell v.</u>

2   <u>Dept. of Soc. Servs.</u>, 436 US 658, 691 (1978).

3         2.   Whether summary judgment should be granted in favor of

4   Defendant Brendan McAtee.

5         The Court also directed the parties to brief the issue of

6   whether consideration of evidence submitted after oral argument

7   constitutes reversible error.

8         On August 29, 2012, Plaintiffs submitted their Supplemental

9   Memorandum along with several declarations and exhibits (Doc

10  ## 59, 60, 61, 62).  Defendants' Supplemental Brief was filed on

11  September 5, 2012 (Doc #63).  For the reasons set forth below,

12  the Court GRANTS Defendants' Motion for Summary Adjudication in

13  favor of Defendants City of Rancho Cordova, County of Sacramento

14  and Brendan McAtee.

15

16        II. COURT'S CONSIDERATION OF SUPPLEMENTAL EVIDENCE

17        Plaintiffs conceded at the oral argument that several

18  pieces of evidence they wanted the Court to consider had been

19  inadvertently omitted from their Opposition to Defendants'

20  Motion for Summary Adjudication.  Plaintiffs argue that it is

21  permissible for the Court to allow them to submit supplemental

22  evidence after oral argument because supplementation does not

23  prejudice any rights of Defendants and such evidence shows that

24  there are material issues of fact as to the two remaining issues

25  taken under submission by the Court.  Plaintiffs specifically

26  contend that Rule 6(b) of the Federal Rules of Civil Procedure

27  is particularly applicable to the supplementation of evidence in

28  opposition to a motion for summary judgment because Rule 56(e)

1  expressly provides: "The Court may permit an affidavit to be

2  supplemented or opposed by depositions, answers to

3  interrogatories or additional affidavits."

4      Defendants argue that all the evidence contained in

5  Plaintiffs' supplement was available at the time of the briefing

6  and prior to oral argument and nothing in the Federal Rules of

7  Civil Procedure explicitly authorizes the submission of

8  additional evidence following oral argument.  Peterson v. Scotia

9  Prince Cruises Ltd., 328 F.Supp.2d 119, 120 (D. Maine 2004)

10  (denying plaintiff's motion for leave to supplement the record

11  where the supplement was "simply a late effort to do what she

12  should have done in responding to the initial summary judgment

13  motion").  Thus, Defendants contend that no good cause was

14  presented by Plaintiffs for the evidence not being provided to

15  the Court in the first instance.  Defendants also argue that

16  Plaintiffs' reliance on Rule 6(b) is misplaced since that rule

17  permits expansion of fixed deadlines only where a party

18  demonstrates "excusable neglect" for failing to timely submit

19  the supplemental evidence.  According to Defendants, since no

20  such excuse has been proffered and the evidence was indeed

21  available prior to Plaintiffs original deadline to submit their

22  opposition, the Court should not consider such supplemental

23  evidence.  Finally, Defendants claim that in the absence of

24  excusable neglect, they would be prejudiced by Plaintiffs'

25  "second bite of the apple" in supplementing their opposition to

26  Defendants' motion.

27      The Court finds Defendants' arguments to be persuasive.

28  Plaintiffs' counsel conceded at oral argument that "there is

1    simply no excuse" for his failure to include the evidence he now

2    seeks to admit through this supplement.  As in <u>Peterson</u>, supra,

3    Plaintiffs' supplement in this case is simply a late effort to

4    do what could have, and should have been done earlier.

5    Plaintiffs' counsel's "inadvertent omissions" do not constitute

6    excusable neglect or good cause.  Defendants timely objected to

7    Plaintiffs' failure to properly present the supplemental

8    evidence in their opposition and objected to the Court's order

9    to both parties to file supplemental briefs.  Defendants'

10   objections are sustained and the Court will not consider the

11   supplemental evidence in deciding the <u>Monell</u> issue.[1]

12

13              III. <u>MONELL</u> LIABILITY OF COUNTY OF SACRAMENTO
                   AND CITY OF RANCHO CORDOVA
14

15        Under <u>Monell</u>, <u>supra</u>, a municipality may be held liable

16   under § 1983 only where an "action pursuant to official

17   municipal policy of some nature causes a constitutional tort."

18   <u>Bd. Of County Comm'rs v. Brown</u>, 520 US 397 (1997).  In order to

19   survive summary adjudication on their <u>Monell</u> claim, Plaintiffs

20   must present evidence of either: "(1) a longstanding practice or

21   custom which constitutes the 'standard operating procedure' of a

22   local government entity; (2) the decision of a policy-making

23

24   _____
     [1] Given the Court's ruling on the supplemental briefing,
25   Defendants' objections to and motion to strike portions of
     Plaintiffs' supplemental evidence with respect to the <u>Monell</u>
26   issue are denied as moot.  The Court will consider Plaintiffs'
     supplemental briefing on the McAtee issue because of its finding
27   that Defendants raised a new argument concerning integral
     participation in its Reply Brief.  The Court sustains Defendants'
28   objection to paragraphs 12 and 19 of the Barry Fox Declaration.

                                   4

1   official who was, as a matter of state law, a final policy

2   making authority whose edicts or acts may fairly be said to

3   represent official policy in the area of decision; or (3) when

4   an official with final policy making authority either delegated

5   that authority to, or ratified the decision of a subordinate."

6   Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005).

7   Plaintiffs fail to address in their opposition how the evidence

8   in this case meets these elements.  Assuming arguendo that a

9   triable issue exists as to whether a constitutional violation

10  occurred, Plaintiffs still must meet the other Monell elements.

11  The Court finds that Plaintiffs have not met their burden.

12  Plaintiffs have presented no evidence that any purported

13  inadequate training "reflects a 'deliberate' or 'conscious'

14  choice by a municipality" not to avoid the risk of harm.  City

15  of Canton v. Harris, 483 US 378, 389 (1989).  Moreover, there is

16  no evidence of a program-wide inadequacy in training which would

17  give rise to the deliberate indifference required for Monell

18  liability.  Id.

19       Plaintiffs rely exclusively on the testimony of their

20  expert Roger Clark.  Even if this Court were to find that Mr.

21  Clark was a qualified expert and were to consider his deposition

22  testimony and supplemental declaration, Plaintiffs attempt to

23  create a material question of fact still falls short.  While Mr.

24  Clark has certainly reviewed several County policies which he

25  believes are relevant to the instant case, neither his

26  supplemental declaration (which the Court may not consider) or

27  Plaintiffs' Opposition brief demonstrate that a material issue

28  of fact exists such that summary adjudication on this issue

1  should be denied.  Mr. Clark's expert report itself is

2  inadmissible hearsay and, therefore, this Court has no basis for

3  determining how Mr. Clark's specialized knowledge might help the

4  trier of fact understand the evidence or determine a fact in

5  issue.  FRE 702(a).  Plaintiffs appear to rely solely on the

6  underlying incident to give rise to purported Monell liability,

7  which is insufficient.  See Jett v. Dallas Independent Sch.

8  Dist., 491 US 701 (1989).  In sum, for each of the foregoing

9  reasons, the City of Rancho Cordova and the County of Sacramento

10  have no Monell liability in this case and Defendants' motion for

11  summary adjudication on the issue is granted.[2]

12

13          IV. LIABILITY OF DEFENDNAT BRENDAN McATEE

14       Defendant Brendan McAtee ("McAtee") moves for summary

15  adjudication as to all claims against him on the grounds that he

16  was (1) not involved in the determination of probable cause or

17  exigency; (2) entitled to rely on his fellow officers, and

18  (3) was not an integral participant in the alleged unlawful

19  conduct.  It is undisputed that McAtee was called as a back-up

20  officer and was present at Plaintiffs' home when the Plaintiffs'

21  children were removed.  It is also undisputed that McAtee was

22  instructed by Sgt. Cockerton to assist Deputy Scott Anderson

23  ("Anderson") and was not provided any additional instruction or

24  information.  McAtee and Anderson went to Plaintiffs' home in

25  separate vehicles and did not discuss the reason for going to

26

27  [2]  The Court does not need to reach the issue of whether the City
   of Rancho Cordova and County of Sacramento can be held jointly
   liable on a Monell claim in light of its decision to grant
28  Defendants' motion on this issue.

6

the home or what they would do when they arrived.  McAtee was

completely unfamiliar with Anderson's investigation and he did

not hear any of Anderson's conversation with Barry Fox when he

arrived at the Fox home.  He also had no idea when the decision

was made to remove the Fox children from their home and place

them in protective custody.  Accordingly, Defendants argue that

McAtee cannot be liable merely because he was present during

entry, entered the house, and provided minor assistance to

Anderson in the seizure of the three minor children.

In Chuman v. Wright, 76 F.3d 292 (9th Cir. 1996) the Ninth

Circuit defined the contours of individual liability when it

stated a plaintiff could not hold an officer liable because of

his membership in a group without a showing of individual

participation in the unlawful conduct.  76 F.3d 292, 294.

Chuman does not bar group liability, but does require a

plaintiff to first establish the "integral participation" of the

officer in the alleged constitutional violation.  Plaintiffs'

Opposition and Supplemental Opposition fail to present

sufficient evidence to create a material fact as to McAtee's

liability.  The Opposition does not argue or provide any

evidence that McAtee actively participated in the seizure, it

merely argues that McAtee is not "insulated" by his ignorance

that Anderson allegedly removed the children without a warrant

and without sufficient exigent circumstances.  In their

Supplemental Opposition, Plaintiffs submit evidence confirming

that McAtee was not involved in any decision to enter the home

or seize the children, but merely entered the residence,

observed the children getting dressed and assisted in escorting

1  them from the home.  Contrary to Plaintiffs' contention, there

2  is no admissible evidence that McAtee ever became aware of the

3  absence of a warrant before Anderson entered the Fox home and

4  before entering the home himself.

5      Law enforcement officers are generally entitled to rely on

6  information obtained from fellow law enforcement officers are

7  generally entitled to rely on information obtained from fellow

8  law enforcement officers.  See United States v. Jensen, 425 F.3d

9  698, 705 (9th Cir. 2005).  Plaintiffs have presented no authority

10 requiring McAtee to second guess Anderson's investigation or

11 conclusion under the Fourth Amendment.  There is also no

12 evidence that McAtee was observing a blatant constitutional

13 violation and should have stopped it.  The authority's presented

14 by Plaintiff are distinguishable from the case at bar and do not

15 support the finding Plaintiffs urge this Court to make, i.e.,

16 that McAtee had a duty to intervene.  The present case does not

17 involve a false arrest, excessive force or property damages

18 resulting from an illegal search.  Moreover, in order for McAtee

19 to be held liable for the actions of Anderson, there must be a

20 showing of "a realistic opportunity to intercede."  Cunningham

21 v. Gates, 229 F.3d 1271, 1290 (9th Cir. 2000) (finding non-

22 shooting officers who were present at the shootouts had no

23 "realistic opportunity" to intercede).

24     Given that McAtee was called in as a backup, not involved

25 in the investigation, traveled to the Fox residence by himself

26 where he met Anderson, was not involved in any conversation

27 between Anderson and Cockerton and limited his participation to

28 assisting one of the children get dressed there was no realistic

1   opportunity to intercede.  Accordingly, for all the reasons

2   discussed above, Defendants' motion for summary adjudication on

3   all the claims against McAtee is GRANTED.

4

5                                 V. ORDER

6        Defendants' Motion for Summary Adjudication on the claims

7   brought by Plaintiffs in their First Amended Complaint against

8   Defendants County of Sacramento, City of Rancho Cordova, and

9   Brendan McAtee is GRANTED.

10       IT IS SO ORDERED.

11  Dated: September 13, 2012.
                                 _____
12                               JOHN A. MENDEZ,
                                 UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   9