UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY FOX, NARCISA FOX, individually and as parents and natural guardians and Guardians ad litem of ANTHONY FOX, DANIEL FOX, SAMUEL FOX and MARIO FOX, minors,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SCOTT ANDERSON, R. COCKERTON, B. MCATEE, ELISA OLMO, SOKA OM, JASON WALKUP, JOY PIKE, CITY OF RANCHO CORDOVA, JASMINE DELGADO and DOES 1 THROUGH 30,<br><br>Defendants. | No. 2:11-CV-00419 JAM-KJN<br><br>**SUPPLEMENTAL ORDER RE: DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION** |

## I. INTRODUCTION

On August 22, 2012 the Court ordered the parties to submit supplemental briefing on the following two issues raised by Defendants in their Motion for Summary Adjudication and taken under submission by the Court at the conclusion of the August 22, hearing on Defendants' Motion:

    1.   Whether the City of Rancho Cordova and the County of

1

1 | Sacramento could both be potentially liable under <u>Monell v.</u>
2 | <u>Dept. of Soc. Servs.</u>, 436 US 658, 691 (1978).
3 |     2.  Whether summary judgment should be granted in favor of
4 | Defendant Brendan McAtee.
5 |     The Court also directed the parties to brief the issue of
6 | whether consideration of evidence submitted after oral argument
7 | constitutes reversible error.
8 |     On August 29, 2012, Plaintiffs submitted their Supplemental
9 | Memorandum along with several declarations and exhibits (Doc
10 | ## 59, 60, 61, 62).  Defendants' Supplemental Brief was filed on
11 | September 5, 2012 (Doc #63).  For the reasons set forth below,
12 | the Court GRANTS Defendants' Motion for Summary Adjudication in
13 | favor of Defendants City of Rancho Cordova, County of Sacramento
14 | and Brendan McAtee.

16 |     II. COURT'S CONSIDERATION OF SUPPLEMENTAL EVIDENCE
17 |     Plaintiffs conceded at the oral argument that several
18 | pieces of evidence they wanted the Court to consider had been
19 | inadvertently omitted from their Opposition to Defendants'
20 | Motion for Summary Adjudication.  Plaintiffs argue that it is
21 | permissible for the Court to allow them to submit supplemental
22 | evidence after oral argument because supplementation does not
23 | prejudice any rights of Defendants and such evidence shows that
24 | there are material issues of fact as to the two remaining issues
25 | taken under submission by the Court.  Plaintiffs specifically
26 | contend that Rule 6(b) of the Federal Rules of Civil Procedure
27 | is particularly applicable to the supplementation of evidence in
28 | opposition to a motion for summary judgment because Rule 56(e)

2

expressly provides: "The Court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories or additional affidavits."

Defendants argue that all the evidence contained in Plaintiffs' supplement was available at the time of the briefing and prior to oral argument and nothing in the Federal Rules of Civil Procedure explicitly authorizes the submission of additional evidence following oral argument. Peterson v. Scotia Prince Cruises Ltd., 328 F.Supp.2d 119, 120 (D. Maine 2004) (denying plaintiff's motion for leave to supplement the record where the supplement was "simply a late effort to do what she should have done in responding to the initial summary judgment motion"). Thus, Defendants contend that no good cause was presented by Plaintiffs for the evidence not being provided to the Court in the first instance. Defendants also argue that Plaintiffs' reliance on Rule 6(b) is misplaced since that rule permits expansion of fixed deadlines only where a party demonstrates "excusable neglect" for failing to timely submit the supplemental evidence. According to Defendants, since no such excuse has been proffered and the evidence was indeed available prior to Plaintiffs original deadline to submit their opposition, the Court should not consider such supplemental evidence. Finally, Defendants claim that in the absence of excusable neglect, they would be prejudiced by Plaintiffs' "second bite of the apple" in supplementing their opposition to Defendants' motion.

The Court finds Defendants' arguments to be persuasive. Plaintiffs' counsel conceded at oral argument that "there is

3

1 simply no excuse" for his failure to include the evidence he now
2 seeks to admit through this supplement.  As in Peterson, supra,
3 Plaintiffs' supplement in this case is simply a late effort to
4 do what could have, and should have been done earlier.
5 Plaintiffs' counsel's "inadvertent omissions" do not constitute
6 excusable neglect or good cause.  Defendants timely objected to
7 Plaintiffs' failure to properly present the supplemental
8 evidence in their opposition and objected to the Court's order
9 to both parties to file supplemental briefs.  Defendants'
10 objections are sustained and the Court will not consider the
11 supplemental evidence in deciding the Monell issue.[1]

### III. MONELL LIABILITY OF COUNTY OF SACRAMENTO AND CITY OF RANCHO CORDOVA

15   Under Monell, supra, a municipality may be held liable
16 under § 1983 only where an "action pursuant to official
17 municipal policy of some nature causes a constitutional tort."
18 Bd. Of County Comm'rs v. Brown, 520 US 397 (1997).  In order to
19 survive summary adjudication on their Monell claim, Plaintiffs
20 must present evidence of either: "(1) a longstanding practice or
21 custom which constitutes the 'standard operating procedure' of a
22 local government entity; (2) the decision of a policy-making

---

[1] Given the Court's ruling on the supplemental briefing, Defendants' objections to and motion to strike portions of Plaintiffs' supplemental evidence with respect to the Monell issue are denied as moot.  The Court will consider Plaintiffs' supplemental briefing on the McAtee issue because of its finding that Defendants raised a new argument concerning integral participation in its Reply Brief.  The Court sustains Defendants' objection to paragraphs 12 and 19 of the Barry Fox Declaration.

official who was, as a matter of state law, a final policy making authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) when an official with final policy making authority either delegated that authority to, or ratified the decision of a subordinate." Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005). Plaintiffs fail to address in their opposition how the evidence in this case meets these elements. Assuming arguendo that a triable issue exists as to whether a constitutional violation occurred, Plaintiffs still must meet the other Monell elements. The Court finds that Plaintiffs have not met their burden. Plaintiffs have presented no evidence that any purported inadequate training "reflects a 'deliberate' or 'conscious' choice by a municipality" not to avoid the risk of harm. City of Canton v. Harris, 483 US 378, 389 (1989). Moreover, there is no evidence of a program-wide inadequacy in training which would give rise to the deliberate indifference required for Monell liability. Id.

    Plaintiffs rely exclusively on the testimony of their expert Roger Clark. Even if this Court were to find that Mr. Clark was a qualified expert and were to consider his deposition testimony and supplemental declaration, Plaintiffs attempt to create a material question of fact still falls short. While Mr. Clark has certainly reviewed several County policies which he believes are relevant to the instant case, neither his supplemental declaration (which the Court may not consider) or Plaintiffs' Opposition brief demonstrate that a material issue of fact exists such that summary adjudication on this issue

should be denied. Mr. Clark's expert report itself is inadmissible hearsay and, therefore, this Court has no basis for determining how Mr. Clark's specialized knowledge might help the trier of fact understand the evidence or determine a fact in issue. FRE 702(a). Plaintiffs appear to rely solely on the underlying incident to give rise to purported Monell liability, which is insufficient. See Jett v. Dallas Independent Sch. Dist., 491 US 701 (1989). In sum, for each of the foregoing reasons, the City of Rancho Cordova and the County of Sacramento have no Monell liability in this case and Defendants' motion for summary adjudication on the issue is granted.[2]

### IV. LIABILITY OF DEFENDNAT BRENDAN McATEE

Defendant Brendan McAtee ("McAtee") moves for summary adjudication as to all claims against him on the grounds that he was (1) not involved in the determination of probable cause or exigency; (2) entitled to rely on his fellow officers, and (3) was not an integral participant in the alleged unlawful conduct. It is undisputed that McAtee was called as a back-up officer and was present at Plaintiffs' home when the Plaintiffs' children were removed. It is also undisputed that McAtee was instructed by Sgt. Cockerton to assist Deputy Scott Anderson ("Anderson") and was not provided any additional instruction or information. McAtee and Anderson went to Plaintiffs' home in separate vehicles and did not discuss the reason for going to

---

[2] The Court does not need to reach the issue of whether the City of Rancho Cordova and County of Sacramento can be held jointly liable on a Monell claim in light of its decision to grant Defendants' motion on this issue.

the home or what they would do when they arrived. McAtee was completely unfamiliar with Anderson's investigation and he did not hear any of Anderson's conversation with Barry Fox when he arrived at the Fox home. He also had no idea when the decision was made to remove the Fox children from their home and place them in protective custody. Accordingly, Defendants argue that McAtee cannot be liable merely because he was present during entry, entered the house, and provided minor assistance to Anderson in the seizure of the three minor children.

In Chuman v. Wright, 76 F.3d 292 (9th Cir. 1996) the Ninth Circuit defined the contours of individual liability when it stated a plaintiff could not hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct. 76 F.3d 292, 294. Chuman does not bar group liability, but does require a plaintiff to first establish the "integral participation" of the officer in the alleged constitutional violation. Plaintiffs' Opposition and Supplemental Opposition fail to present sufficient evidence to create a material fact as to McAtee's liability. The Opposition does not argue or provide any evidence that McAtee actively participated in the seizure, it merely argues that McAtee is not "insulated" by his ignorance that Anderson allegedly removed the children without a warrant and without sufficient exigent circumstances. In their Supplemental Opposition, Plaintiffs submit evidence confirming that McAtee was not involved in any decision to enter the home or seize the children, but merely entered the residence, observed the children getting dressed and assisted in escorting

7

them from the home.  Contrary to Plaintiffs' contention, there is no admissible evidence that McAtee ever became aware of the absence of a warrant before Anderson entered the Fox home and before entering the home himself.

Law enforcement officers are generally entitled to rely on information obtained from fellow law enforcement officers are generally entitled to rely on information obtained from fellow law enforcement officers.  See United States v. Jensen, 425 F.3d 698, 705 (9th Cir. 2005).  Plaintiffs have presented no authority requiring McAtee to second guess Anderson's investigation or conclusion under the Fourth Amendment.  There is also no evidence that McAtee was observing a blatant constitutional violation and should have stopped it.  The authority's presented by Plaintiff are distinguishable from the case at bar and do not support the finding Plaintiffs urge this Court to make, i.e., that McAtee had a duty to intervene.  The present case does not involve a false arrest, excessive force or property damages resulting from an illegal search.  Moreover, in order for McAtee to be held liable for the actions of Anderson, there must be a showing of "a realistic opportunity to intercede."  Cunningham v. Gates, 229 F.3d 1271, 1290 (9th Cir. 2000) (finding non-shooting officers who were present at the shootouts had no "realistic opportunity" to intercede).

Given that McAtee was called in as a backup, not involved in the investigation, traveled to the Fox residence by himself where he met Anderson, was not involved in any conversation between Anderson and Cockerton and limited his participation to assisting one of the children get dressed there was no realistic

8

opportunity to intercede. Accordingly, for all the reasons discussed above, Defendants' motion for summary adjudication on all the claims against McAtee is GRANTED.

## V. ORDER

Defendants' Motion for Summary Adjudication on the claims brought by Plaintiffs in their First Amended Complaint against Defendants County of Sacramento, City of Rancho Cordova, and Brendan McAtee is GRANTED.

IT IS SO ORDERED.

Dated: September 13, 2012.

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE