1  LANNY T. WINBERRY (SBN 85341)
2  8001 Folsom Boulevard, Suite 100
   Sacramento, CA  95826
3  Telephone: (916) 386-8282
   Facsimile:  (916) 386-8952
4

5  Attorney for Plaintiffs FOX

6

7                  IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  BARRY FOX, NARCISA FOX, individually          Case No.: 2:11-CV-00419-JAM-KJN
    and as parents and natural guardians and
12  Guardians *ad litem*  of A. F., D. F., S. F.,
    and M. F., minors,
13                                                [PROPOSED]
                                                  ORDER GRANTING
14              Plaintiffs,                       PLAINTIFFS' MOTION FOR
                                                  APPOINTMENT OF GUARDIANS *AD*
15         vs.                                    *LITEM* AND APPROVING MINORS'
                                                  COMPROMISE SETTLEMENTS
16  COUNTY OF SACRAMENTO, SCOTT
    ANDERSON, R. COCKERTON, B.
17  MCATEE, ELISA OLMO, SOKA OM,
    JASON WALKUP,  JOY PIKE, CITY OF
18  RANCHO CORDOVA, JASMINE              Date:  January 9, 2013
    DELGADO and DOES 1 THROUGH 30,
19                                       Time:  9:30 a.m.
                Defendants.
20                                       Ctrm:  26

21                                       Trial Date:  Vacated

22

23

24      Based on the evidence and authority presented to the Court, and following a hearing held

25  on January 9, 2010 attended by all Plaintiffs and their counsel of record, and good cause

26  appearing, it is hereby ordered that:

27      1. Plaintiffs BARRY FOX and NARCISA FOX, as the parents of their sons named as

28  Minor Plaintiffs, M.F., S.F., D.F. and A.F., in this action are hereby appointed Guardians *ad litem*

---

1

ORDER Re Minor's Compromises; *Fox et al., v. Anderson et al,*  2:11-CV-00419-JAM-KJN

1   for said Minor Plaintiffs, *nunc pro tunc* from the date of filing of this action and until such time as

2   each of the Minor Plaintiffs achieves the age of majority on the dates set forth below.

3       2.  In that ANTHONY FOX achieved the age of majority on August 20, 2011, the Court

4   recognizes him as a party Plaintiff in his own right and terminates the foregoing appointment of

5   Guardians *ad litem* as to him, nunc pro tunc as of August 20, 2011.

6       3.  The Court finds that the allocation of $20,000 of the global settlement of $250,000 to

7   the Minor Plaintiff M.F., net of attorneys fees and costs, is fair and equitable and approves that

8   amount as a Compromise Settlement pursuant to Rule 202 of the Local Rules of this Court.

9       4.  The Court finds that the allocation of $20,000 of the global settlement of $250,000 to

10   the Minor Plaintiff S.F., net of attorneys fees and costs, is fair and equitable and approves that

11   amount as a Compromise Settlement pursuant to the said Rule 202.

12       5.  The Court finds that the allocation of $20,000 of the global settlement of $250,000 to

13   the Minor Plaintiff D.F., net of attorneys fees and costs, is fair and equitable and approves that

14   as a Compromise Settlement pursuant to Rule 202.

15       6.   The Court hereby Orders that Counsel for Plaintiffs shall, upon receipt of the

16   settlement proceeds of the said global settlement of this case, immediately deposit the same

17   into a client- trust account established in a banking institution fully authorized to act as a bank in

18   the State of California and whose deposits are insured in an amount not less than $250,000.00

19   by the Federal Deposit Insurance Corporation, and that Counsel shall disburse the above stated

20   Minor's Compromise in strict accordance with the following:

21       a. Within five (5) days following the receipt of settlement funds, Counsel shall

22       issue three checks made payable from the aforesaid client-trust account each in the

23       amount of $20,000.00 and each made payable to "Blocked Account for the Benefit of

24       _____, USDC Case No. 2:11-CV-00419," (except that the blanks shall each

25       contain the name of one of the Minor Plaintiffs.)

26       b.  Within five (5) days following receipt of settlement funds, Counsel shall open

27       three separate "Blocked Accounts," each named as set forth above, one for each of the

28       Minor Plaintiffs, by separately depositing the three checks referenced above and

instructing and confirming that a copy of this Order is attached to or referenced on the Signature Card provided by the Bank, or by other otherwise noting on the Signature Card that, **prior to the date on which the Minor attains the age of majority on the dates set forth below, no withdrawal shall made from the account except as authorized by further Order of this Court,** the "Blocked Accounts."

c. Within five (5) days after opening the three Blocked Accounts, Counsel for Plaintiffs shall provide to the Guardians *ad litem* a writing setting forth the name of the banking institution, the account numbers and the location of the three Blocked Accounts.

d. Each Blocked Account shall be a savings account or a Certificate of Deposit insured by the Federal Deposit Insurance Corporation which shall pay interest at the rate customary for such accounts, which interest rate shall be adjusted annually by the depository Bank, and by annual roll-over if the accounts are in the form of Certificates of Deposit.

e. The statements for each such Blocked Account shall be sent to the Guardian's *ad litem* at 2629 Furmint Way, Rancho Cordova, California 95670 or to such other addresses as they may provide to the banking institution holding the Blocked Accounts.

f. The social security number for each Minor Plaintiff shall be provided to the Banking Institution for each Blocked Account.

7. Prior to August 7, 2018, no funds shall be withdrawn from the Blocked Account established for D.F., except as expressly authorized by a further Order of this Court. On or after August 7, 2018, all or any portion of the funds may be withdrawn by D.F. upon showing of proper identification to the banking institution holding the Blocked Account.

8. Prior to July 30, 2022, no funds shall be withdrawn from the Blocked Account established for S.F., except as expressly authorized by a further Order of this Court. On or after July 30, 2022, all or any portion of the funds may be withdrawn by S.F. upon showing of proper identification to the banking institution holding the Blocked Account.

9. Prior to July 7, 2025, no funds shall be withdrawn from the Blocked Account established for M.F., except as authorized by a further Order of this Court. On or after July 7,

1   2025, all or any portion of the funds may be withdrawn by M.F., upon showing of proper

2   identification to the banking institution holding the Blocked Account.

3         10.  Prior to the termination dates listed in 7, 8 and 9 above either of the Guardians *ad*

4   *litem* may petition the Court for an Order authorizing disbursement of funds from one or more of

5   the Blocked Accounts upon a showing that such disbursement is necessary for the medical care

6   or basic support of the Minor Plaintiff(s), or that such disbursement is necessary to fund

7   valuable educational opportunities which cost more than the Guardians *ad litem* can afford.

8   Either Guardian *ad litem* may join in, or oppose, such a petition.

9

10   IT IS SO ORDERED.

11

12   Dated: January 3, 2013     Signed:

          Judge of the United States District Court
13                                 For the Eastern District of California

---

4

ORDER Re Minor's Compromises; *Fox et al., v. Anderson et al,*   2:11-CV-00419-JAM-KJN