IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY FOX, *et al.*, | |
| Plaintiffs, | No. 2:11-cv-0419 JAM AC |
| vs. | |
| JASMINE DELGADO, | <u>ORDER AND</u> |
| Defendant. | <u>FINDINGS & RECOMMENDATIONS</u> |
| _____/ | |

Pending before the court is plaintiffs' September 28, 2012 motion for default judgment as to defendant Jasmine Delgado. This matter is before the court pursuant to Local Rule 302(c)(19). The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230. Upon review of the motion, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A. <u>Introduction</u>

On February 14, 2011, plaintiffs filed this case and are proceeding on a first amended complaint ("FAC") filed May 2, 2011. Plaintiffs name as defendants the City of Rancho Cordova ("City"), the County of Sacramento ("County"), three deputy sheriffs employed by the County ("the police defendants"), four employees of Child Protective Services ("the CPS

defendants"), and Jasmine Delgado.  Plaintiffs Barry and Narcisa ("Nancy") Fox ("the parent plaintiffs"), appearing individually and as parents and natural guardians and guardians ad litem of their four minor sons (A.F., D.F., S.F., and M.F.), accuse the City, the County, the police defendants, and the CPS defendants of failing to conduct an adequate investigation into the cause of blisters found on the feet of their youngest son, M.F., while in the care of his babysitter, Delgado.  Having failed to properly investigate the matter, plaintiffs claim that these defendants baselessly accused Barry and Nancy Fox of causing M.F.'s injury and, accordingly, removed all four children from the care and custody of the parent plaintiffs for nearly two months, in violation of state and federal law.  Plaintiffs brings suit against Delgado for negligence.

On January 22, 2013, plaintiffs filed a notice of dismissal by stipulation as to the City, the County, the police defendants, and the CPS defendants.  ECF No. 83.  Only defendant Delgado, who has one claim asserted against her, remains in this action.

B.      Allegations as to Delgado

In the FAC, plaintiffs claim that, on the morning of January 29, 2010, Nancy Fox dropped off 2.5 year old M.F., still in his "footy" pajamas and without injury, at Delgado's second-floor apartment for babysitting services.  FAC ¶¶ 26-30.  In the early afternoon on January 29, 2010, Nancy received a telephone call from Delgado telling her that something was wrong with M.F.'s feet and that Nancy should come pick him up as soon as possible at Delgado's mother's apartment, which was a first-floor apartment in the same complex as Delgado's second-floor apartment.  Id. ¶ 31.  When Nancy arrived, she saw that M.F. had his pants on but no shoes or socks.  Id. ¶ 32.  When she examined his feet, she noticed that they were pink to red in color and appeared to have large water blisters and detached skin on their tops.  Id. Delgado told Nancy "M.F. was fine before I put his shoes on him," and suggested that M.F. must be suffering from a bacterial infection caused by his shoes.  Id. ¶ 34.  Nancy and Jasmine then took M.F. to the hospital, where the attending physician diagnosed the condition of M.F.'s feet as second degree immersion burns and directed Nancy to take M.F. to the Shriner's Burn Center

Hospital in Sacramento ("Shriner's"). Id. ¶ 39. At Shriner's, M.F. was treated for immersion burns. Id. ¶ 46. While there, M.F. was interviewed by one of the officer defendants and stated that "grandma" had hurt him and that "grandma" lived near or "under" Delgado. Id. ¶ 121.

In their Eighth Claim for Relief in the FAC, plaintiffs assert that, as a result of Delgado's negligence, M.F. has been damaged in the "form of extreme pain and suffering, permanent injury and disfigurement to his feet and the donor skin graft site on his back and psychic injury in a degree to be ascertained and determined from the evidence received at trial and in the need for future medical care." FAC ¶ 151. They seek damages not less than $200,000.

C.  Delgado's Failure to Appear

On March 1, 2011, Delgado was personally served with the summons and complaint. ECF No. 10. On May 2, 2011, Delgado was served by mail with the first amended complaint. ECF No. 14, Ex. 1. While Delgado did appear to give a deposition, see Pls.' Mot. for Def. J. at 2, she has not filed or served any pleading.

On September 18, 2012, plaintiffs filed a Request for Entry of Default against Delgado ECF No. 66. On September 20, 2012, the Clerk of the Court entered default against Delgado.

Now pending is plaintiffs' September 28, 2012 motion for default judgment on plaintiffs' negligence claim in the amount of $200,000. Plaintiffs served by mail a copy of this motion on Delgado. See Notice of Pls.' Mot. for Def. J. at 3.

DISCUSSION

Plaintiffs' motion for default judgment is lacking, to say the least. It fails to set forth any legal standards – indeed, it fails to cite to *any* case law and cites only to "Rule 55" of the Federal Rules of Civil Procedure and to Wright, Miller & Kane's Federal Practice and Procedure. Additionally, the reference to "Rule 55" does not specify whether relief is sought pursuant to Rule 55(b)(1) or (b)(2). Furthermore, consistent with the failure to cite any case law,

3

the motion fails to set out, let alone apply, the factors that the court must consider before entry of default judgment. Finally, the motion provides no basis (affidavits or otherwise) for the requested $200,000 damages award.

A.   Default Judgment Pursuant to Rule 55(b)(1)

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment . . . .

Fed. R. Civ. P. 55(a)-(b).

To the extent plaintiffs move for default judgment under Rule 55(b)(1) because the damages they seek are a "sum certain," the motion should be denied. That is, the Clerk cannot enter default judgment against Delgado because the damages sought are not a sum certain. A sum is certain when, for example, in <u>Franchise Holding II, LLC v. Huntington Restaurants</u>, 375 F.3d 922, 928 (9th Cir. 2004), loan documents provided precise calculations to fix the amount due after a borrower failed to make loan payments and then ignored the plaintiff's suit. In contrast, plaintiffs claim $200,000 in non-economic damages with no explanation as to how they arrived at that number. Because the sum is not certain, default judgment pursuant to Rule 55(b)(1) is inappropriate.

B.  Default Judgment Pursuant to Rule 55(b)(2)

Next, insofar as plaintiffs seek default judgment pursuant to Rule 55(b)(2), this motion should also be denied, albeit without prejudice. This is because plaintiffs have failed to demonstrate that they are entitled to default judgment. The substance of plaintiffs' motion is approximately two pages page, and does not present any legal arguments concerning the relevant factors a court considers in granting default judgment. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Moreover, plaintiffs present no evidence in support of their damages request. "When seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief. It is the party's burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient." S.A. ex rel. L.A.. v. Exeter Union School Dist., 2009 WL 1953462, *8 (E.D. Cal. 2009). Here, plaintiffs' motion fails to meet this burden.

Accordingly, IT IS HEREBY ORDERED that the February 20, 2013 hearing on plaintiffs' motion for default judgment is vacated; and

IT IS HEREBY RECOMMENDED that plaintiffs' motion for default judgment be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v.

////

////

////

5

1 Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 12, 2013.

                                 */s/ Allison Claire*
                                 ALLISON CLAIRE
                                 UNITED STATES MAGISTRATE JUDGE

/mb;fox0419.mdj