1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   BARRY FOX, *et al.*,

11              Plaintiffs,                    No. 2:11-cv-0419 JAM AC

12         vs.

13   JASMINE DELGADO,                          ORDER AND

14              Defendant.                     FINDINGS & RECOMMENDATIONS

15   _____/

16              Pending before the court is plaintiffs' September 28, 2012 motion for default

17   judgment as to defendant Jasmine Delgado.  This matter is before the court pursuant to Local

18   Rule 302(c)(19).  The court has determined that the matter shall be submitted upon the record

19   and briefs on file and accordingly, the date for hearing of this matter shall be vacated.  Local

20   Rule 230.  Upon review of the motion, THE COURT FINDS AS FOLLOWS:

21                    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

22   A.    Introduction

23              On February 14, 2011, plaintiffs filed this case and are proceeding on a first

24   amended complaint ("FAC") filed May 2, 2011.  Plaintiffs name as defendants the City of

25   Rancho Cordova ("City"), the County of Sacramento ("County"), three deputy sheriffs employed

26   by the County ("the police defendants"), four employees of Child Protective Services ("the CPS

                                            1

defendants"), and Jasmine Delgado.  Plaintiffs Barry and Narcisa ("Nancy") Fox ("the parent plaintiffs"), appearing individually and as parents and natural guardians and guardians ad litem of their four minor sons (A.F., D.F., S.F., and M.F.), accuse the City, the County, the police defendants, and the CPS defendants of failing to conduct an adequate investigation into the cause of blisters found on the feet of their youngest son, M.F., while in the care of his babysitter, Delgado.  Having failed to properly investigate the matter, plaintiffs claim that these defendants baselessly accused Barry and Nancy Fox of causing M.F.'s injury and, accordingly, removed all four children from the care and custody of the parent plaintiffs for nearly two months, in violation of state and federal law.  Plaintiffs brings suit against Delgado for negligence.

On January 22, 2013, plaintiffs filed a notice of dismissal by stipulation as to the City, the County, the police defendants, and the CPS defendants.  ECF No. 83.  Only defendant Delgado, who has one claim asserted against her, remains in this action.

B.      Allegations as to Delgado

In the FAC, plaintiffs claim that, on the morning of January 29, 2010, Nancy Fox dropped off 2.5 year old M.F., still in his "footy" pajamas and without injury, at Delgado's second-floor apartment for babysitting services.  FAC ¶¶ 26-30.  In the early afternoon on January 29, 2010, Nancy received a telephone call from Delgado telling her that something was wrong with M.F.'s feet and that Nancy should come pick him up as soon as possible at Delgado's mother's apartment, which was a first-floor apartment in the same complex as Delgado's second-floor apartment.  Id. ¶ 31.  When Nancy arrived, she saw that M.F. had his pants on but no shoes or socks.  Id. ¶ 32.  When she examined his feet, she noticed that they were pink to red in color and appeared to have large water blisters and detached skin on their tops.  Id. Delgado told Nancy "M.F. was fine before I put his shoes on him," and suggested that M.F. must be suffering from a bacterial infection caused by his shoes.  Id. ¶ 34.  Nancy and Jasmine then took M.F. to the hospital, where the attending physician diagnosed the condition of M.F.'s feet as second degree immersion burns and directed Nancy to take M.F. to the Shriner's Burn Center

2

1   Hospital in Sacramento ("Shriner's").  Id. ¶ 39.  At Shriner's, M.F. was treated for immersion

2   burns.  Id. ¶ 46. While there, M.F. was interviewed by one of the officer defendants and stated

3   that "grandma" had hurt him and that "grandma" lived near or "under" Delgado.  Id. ¶ 121.

4         In their Eighth Claim for Relief in the FAC, plaintiffs assert that, as a result of

5   Delgado's negligence, M.F. has been damaged in the "form of extreme pain and suffering,

6   permanent injury and disfigurement to his feet and the donor skin graft site on his back and

7   psychic injury in a degree to be ascertained and determined from the evidence received at trial

8   and in the need for future medical care."  FAC ¶ 151.  They seek damages not less than

9   $200,000.

10  C.    Delgado's Failure to Appear

11         On March 1, 2011, Delgado was personally served with the summons and

12  complaint.  ECF No. 10.  On May 2, 2011, Delgado was served by mail with the first amended

13  complaint.  ECF No. 14, Ex. 1.  While Delgado did appear to give a deposition, see Pls.' Mot. for

14  Def. J. at 2, she has not filed or served any pleading.

15         On September 18, 2012, plaintiffs filed a Request for Entry of Default against

16  Delgado ECF No. 66.  On September 20, 2012, the Clerk of the Court entered default against

17  Delgado.

18         Now pending is plaintiffs' September 28, 2012 motion for default judgment on

19  plaintiffs' negligence claim in the amount of $200,000.  Plaintiffs served by mail a copy of this

20  motion on Delgado.  See Notice of Pls.' Mot. for Def. J. at 3.

21                            DISCUSSION

22         Plaintiffs' motion for default judgment is lacking, to say the least.  It fails to set

23  forth any legal standards – indeed, it fails to cite to *any* case law and cites only to "Rule 55" of

24  the Federal Rules of Civil Procedure and to Wright, Miller & Kane's Federal Practice and

25  Procedure.  Additionally, the reference to "Rule 55" does not specify whether relief is sought

26  pursuant to Rule 55(b)(1) or (b)(2).  Furthermore, consistent with the failure to cite any case law,

1   the motion fails to set out, let alone apply, the factors that the court must consider before entry of

2   default judgment.  Finally, the motion provides no basis (affidavits or otherwise) for the

3   requested $200,000 damages award.

4   A.      Default Judgment Pursuant to Rule 55(b)(1)

5            Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and

6   the subsequent entry of default judgment by either the clerk or the district court.  In relevant part,

7   Rule 55 provides:

8               (a) Entering a Default. When a party against whom a judgment for
                affirmative relief is sought has failed to plead or otherwise defend,
9               and that failure is shown by affidavit or otherwise, the clerk must
                enter the party's default.
10
                (b) Entering a Default Judgment.
11
                    (1) By the Clerk.  If the plaintiff's claim is for a sum
12                  certain or a sum that can be made certain by computation,
                    the clerk—on the plaintiff's request, with an affidavit
13                  showing the amount due—must enter judgment for that
                    amount and costs against a defendant who has been
14                  defaulted for not appearing and who is neither a minor nor
                    an incompetent person.
15
                    (2) By the Court.  In all other cases, the party must apply to
16                  the court for a default judgment . . . .

17   Fed. R. Civ. P. 55(a)-(b).

18            To the extent plaintiffs move for default judgment under Rule 55(b)(1) because

19   the damages they seek are a "sum certain," the motion should be denied.  That is, the Clerk

20   cannot enter default judgment against Delgado because the damages sought are not a sum

21   certain.  A sum is certain when, for example, in Franchise Holding II, LLC v. Huntington

22   Restaurants, 375 F.3d 922, 928 (9th Cir. 2004), loan documents provided precise calculations to

23   fix the amount due after a borrower failed to make loan payments and then ignored the plaintiff's

24   suit.  In contrast, plaintiffs claim $200,000 in non-economic damages with no explanation as to

25   how they arrived at that number.  Because the sum is not certain, default judgment pursuant to

26   Rule 55(b)(1) is inappropriate.

4

1    B.    Default Judgment Pursuant to Rule 55(b)(2)

2          Next, insofar as plaintiffs seek default judgment pursuant to Rule 55(b)(2), this

3    motion should also be denied, albeit without prejudice.  This is because plaintiffs have failed to

4    demonstrate that they are entitled to default judgment.  The substance of plaintiffs' motion is

5    approximately two pages page, and does not present any legal arguments concerning the relevant

6    factors a court considers in granting default judgment.  See Aldabe v. Aldabe, 616 F.2d 1089,

7    1092 (9th Cir. 1980).  Moreover, plaintiffs present no evidence in support of their damages

8    request.  "When seeking a default judgment, a plaintiff should provide the Court with points and

9    authorities containing citations to authority showing that the plaintiff's claim or claims include

10   allegations of all the necessary elements required for entitlement to relief.  It is the party's

11   burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged,

12   are legally sufficient."  S.A. ex rel. L.A.. v. Exeter Union School Dist., 2009 WL 1953462, *8

13   (E.D. Cal. 2009).  Here, plaintiffs' motion fails to meet this burden.

14          Accordingly, IT IS HEREBY ORDERED that the February 20, 2013 hearing on

15   plaintiffs' motion for default judgment is vacated; and

16          IT IS HEREBY RECOMMENDED that plaintiffs' motion for default judgment

17   be denied without prejudice.

18          These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

23   within the specified time may waive the right to appeal the District Court's order.  Turner v.

24   ////

25   ////

26   ////

1 | Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.

2 | 1991).

3 | DATED: February 12, 2013.

4

5 | ALLISON CLAIRE
  | UNITED STATES MAGISTRATE JUDGE

6

7

8

/mb;fox0419.mdj